**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL DANIEL HAMAMDZIAN a/k/a
MICHAEL DANIEL HAMAMJIAN,

      Plaintiff

      v.

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,

      Defendant

Case No.: 2:25-cv-02545-APG-NJK

**Order Granting Defendant's Motion to Dismiss and Denying Plaintiff's Motion for Temporary Injunction**

[ECF Nos. 3, 12]

Michael Hamamdzian filed a complaint and an amended complaint[1] alleging the Las Vegas Metropolitan Police Department (Metro) used "[e]xcess force using a drone to call (sic) mental pain and body suffering" to him. ECF No. 1-1 at 4; *see also* ECF No. 1-5 at 5 ("I am being tortured.  I feel muscle mimicking, brain pressure, lack of sleep caused by lvmpd drone technology piloted by their captains and/or drone pilots/employees.").  He brings his claim under 42 U.S.C. § 1983, alleging violations of "18 U.S.C. 2340A (Article 3 of the Human Rights Act)." ECF No. 1-1 at 4; ECF No. 1-5 at 4.

Metro moved to dismiss,[2] arguing that Hamamdzian cannot base his § 1983 claim on a *respondeat superior* theory, he has not alleged a Metro policy or custom to support *Monell*[3] liability, and the criminal statute that Hamamdzian relies on does not provide a private cause of

---

[1] The amended complaint repeats the allegations of the complaint but modifies the relief Hamamdzian is requesting.

[2] Metro has not been served with the amended complaint, but it has received a copy.  Because the two pleadings are equally defective, I will consider Metro's motion as addressing both.

[3] *Monell v. Dept. of Social Service*, 436 U.S. 658, 690-91 (1978).

action. ECF No. 3.  Hamamdzian then filed a motion for a "Temporary Injunction against electronic Physical torture done by drone/unmanned aerial vehicle." ECF No. 12 at 1 (footnote omitted).  His opposition to Metro's motion simply relies on his motion for temporary injunction. ECF No. 13.  Because Metro succeeds on all of its arguments, I grant its motion and deny Hamamdzian's motion for an injunction.

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must offer sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Those allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Hamamdzian alleges Metro officers "surpassed their authority as Police officers" by using drones to cause him mental and physical pain. ECF No. 1-1 at 4.  He does not identify the officers or name them as defendants.  Thus, he is attempting to impose § 1983 liability on Metro for acts allegedly carried out by its officers.  But "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  Rather, the constitutional violation must arise from the municipality's official custom, practice, or policy. *Id*. at 690-91. Hamamdzian does not allege that any Metro custom, practice, or policy is the source of his injuries.  Finally, to state a claim under 42 U.S.C. § 1983, Hamamdzian must show that he was deprived of "rights secured by the Constitution or other federal laws." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Hamamdzian bases his § 1983 claim on his allegation that

Metro violated 18 U.S.C. § 2340A. ECF No. 1-1 at 4.  But that criminal statute provides no private right of action or civil basis to support a § 1983 claim. *Aldabe*, 616 F.2d at 1092.

For all of these reasons, Hamamdzian has not plausibly alleged a cause of action against Metro.  Therefore, I must dismiss his complaint and amended complaint and deny his motion for a temporary injunction.  Because Hamamdzian is representing himself and it does not appear that amendment would be futile, I must grant him leave to file a second amended complaint, if he can plausibly allege one.

I THEREFORE ORDER that Metro's motion to dismiss **(ECF No. 3) is granted** and Hamamdzian's motion for temporary injunction **(ECF No. 12) is denied**.  Hamamdzian may file a second amended complaint by April 24, 2026, if he can plausibly allege sufficient facts to make out a claim against Metro or its individual officers.

DATED this 25th day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3